UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re: BARQUET GROUP, INC. and RAMIS
BARQUET,

                                  Debtor.

---------------------------------------------------------------X

ACG CREDIT COMPANY, LLC, et al.,

                              Appellants,

              -v-

BARQUET GROUP, INC.,

                              Appellee.

---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/12

12 Civ. 8001 (JMF)

OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

Appellants ACG Credit, LLC ("ACG Credit"), ACG Finance, LLC ("ACG Finance"), and

Fine Art Finance, LLC ("Fine Art" and, together with ACG Credit and ACG Finance, "Appellants")

appeal from a Memorandum Opinion and Order, dated August 22, 2012 (the "August 22, 2012

Order"), of the United States Bankruptcy Court for the Southern District of New York (Martin

Glenn, B.J.). *See In re Barquet Grp.*, 477 B.R. 454 (Bankr. S.D.N.Y. 2012). The August 22,

2012 Order denied Appellants' motion seeking (1) reconsideration and vacatur of an earlier order

expunging a claim filed by ACG Credit and ACG Finance in the bankruptcy of Debtor Barquet

Group ("Barquet Group" or "Debtor"); and (2) leave to amend that earlier claim. For the reasons

discussed below, the August 22, 2012 Order is AFFIRMED.

## BACKGROUND

The relevant facts in this case, summarized by the Bankruptcy Court in greater detail, are

undisputed. Barquet Group is a New York corporation "engaged in the business of exhibiting,

buying, and selling works of art." *Id.* at 457. In 2004, Barquet Group (operating under a different

different name) obtained secured financing from ACG Credit.  Barquet Group, as borrower, and

ACG Credit, as lender, executed a Secured Loan Note dated September 27, 2004 (the "Note");

Fine Art, an affiliate of ACG Credit, also signed the Note, as "Arranger."  (Appellants'

Br. Ex. 2).  Pursuant to the terms of the Note, Barquet Group granted to ACG Credit "a

continuing security interest" in the "Collateral," defined as certain pieces of art.  (*Id.* §§ A, E.1).

At the same time the parties executed the Note, Barquet Group executed another document with

Fine Art called the Arranger's Agreement ("Arranger's Agreement").  (Appellant's Br. Ex. 3).

Pursuant to the terms of the Arranger's Agreement, Fine Art was to be paid certain fees and

commissions in exchange for performing services in connection with the loans.  (*Id.* ¶¶ 1, 3).

On or about March 17, 2006, ACG Credit assigned all of its interest in the Note to

Appellant ACG Finance, another affiliate.  *See Barquet Grp.*, 477 B.R. at 458.  Thereafter,

Appellants and their principal, Ian Peck, became embroiled in litigation with a company called

SageCrest II, LLC ("SageCrest").  On May 19, 2008, Appellants and SageCrest (among other

parties to the litigation) executed a Settlement Stipulation and Mutual Release (the "Settlement

Stipulation") resolving the litigation.  (Appellants' Br. Ex. 5).  To the extent relevant here,

pursuant to the Settlement Stipulation, Appellants assigned all of Debtor's Loan obligations

under the Note to SageCrest.  (*Id.*).[1]

On June 28, 2011, Debtor and Ramis Barquet each filed a voluntary petition for relief

under Chapter 11 of the Bankruptcy Code.  *See Barquet Grp.*, 477 B.R. at 457.  On October 28,

2011, ACG Credit and ACG Finance (together "Claimants") filed a $3,075,000 claim ("Claim

---

[1]      The parties to the Settlement Stipulation simultaneously executed a Collateral
Assignment agreement.  (Appellants' Br. Ex. 6).  Appellants contend that the Collateral
Assignment carved out from the assignment to SageCrest all of Fine Art's rights to receive
commissions, fees, and expenses, including arranger's fees.  (Appellants' Br. 8-9).  Relying on a
different provision of the Collateral Assignment, SageCrest contends that those rights were
assigned as well.  (Sagecrest Br. 17-20).  The Court need not resolve this dispute.

No. 43") for "money loaned." *Id.* at 459.  Claimants attached a copy of the Note, but no other

documents. *See id.*  Fine Art did not join Claimants in making the claim — a result, Appellants

claim, of "management oversight." (Appellants' Br. 3-4).  On January 12, 2012, Debtor filed an

objection to Claim No. 43 (the "Claim Objection"), seeking to disallow and expunge the claim

on the ground that Claimants had assigned all of their interests in the Note to SageCrest pursuant

to the Settlement Stipulation. *See Barquet Grp.*, 477 B.R. at 459.  Debtor served the Claim

Objection on Claimants that same day, at the address designated in Claim No. 43. *See id.*

Claimants did not respond to the objection, however, and did not appear at a subsequent hearing

on the objection. *Id.*  By order dated February 15, 2012 (the "February 15, 2012 Order"), Judge

Glenn sustained the Claim Objection and disallowed Claim No. 43. *Id.*  On March 23, 2012,

Debtor and Ramis Barquet each filed a plan of reorganization with the Bankruptcy Court.

(Barquet Group Br. 3).

Appellants claim that they did not receive the Claim Objection because they had

relocated in January 2012.  They further claim that they did not learn about Judge Glenn's

February 15, 2012 Order expunging Claim No. 43 until about the second week of May 2012.

*See Barquet Grp.*, 477 B.R. at 459.  On July 23, 2012 — over two months later — Appellants

filed a motion to reconsider or vacate the February 15, 2012 Order and to amend Claim No. 43 to

add Fine Art as an additional claimant. *See id.* at 457.  Appellants contended that the February

15, 2012 Order should be vacated, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure

(which, per Rule 9024 of the Federal Rules of Bankruptcy Procedure, applies to bankruptcy

proceedings, *see, e.g.*, *In re FairPoint Commc'ns. Inc.*, 462 B.R. 75, 79 (Bankr. S.D.N.Y. 2012)),

on the ground of "excusable neglect." *See Barquet Grp.*, 477 B.R. at 459-60.  In addition, they

argued that the February 15, 2012 Order should be vacated, pursuant to Rule 60(b), on the

ground that it was void. *See id.* Finally, Appellants averred that, if the order expunging Claim

No. 43 was vacated, they should be granted leave to amend the claim to include Fine Art for fees

owed by Debtor under the Arranger's Agreement. (Appellants' Br. 15-16). On August 22, 2012,

the Bankruptcy Court denied Appellants' motion, ruling that there were insufficient grounds to

reconsider its denial of the claim and that amendment of Claim No. 43 was impermissible

because Appellants were actually seeking to disguise an entirely new claim in the form of an

amendment. *See Barquet Grp.*, 477 B.R. at 460-65.

Appellants timely appealed from the Bankruptcy Court's August 22, 2012 Order.

(Docket No. 1). At the parties' request, this Court delayed the briefing schedule until a transcript

of proceedings before the Bankruptcy Court was available. (Docket No. 5). On November 21,

2012, however, Appellants applied for an Order to Show Cause for an emergency stay of the

confirmation hearing on the reorganization plans of Barquet Group and Ramis Barquet (the

"Confirmation Hearing"), then scheduled for November 29, 2012. (Docket No. 6). Two days

later, the parties notified the Court that the Confirmation Hearing had been adjourned until

December 19, 2012. At the parties' request, the Court therefore set an expedited briefing

schedule. (Docket No. 7). Appellants filed their brief on November 30, 2012. (Docket No. 8).

On appeal, they challenge only the Bankruptcy Court's denial of their motion to vacate the

February 15, 2012 Order and its denial of their request for leave to amend Claim No. 43; they do

not make any arguments with respect to the denial of their motion for reconsideration. Debtor

and Creditor John D. Huber, as Trustee of the SageCrest Liquidating Trust, filed responsive

briefs on December 7, 2012. (Docket No. 12, 16). Appellants did not file a reply.

## DISCUSSION

### A.  Standard of Review

In general, a district court reviews a bankruptcy court's findings of fact for clear error and

its conclusions of law *de novo*.  *See, e.g.*, *Official Comm. of Unsecured Creditors of Quebecor*

*World (USA) Inc. v. Am. United Life Ins. Co.* (*In re Quebecor World (USA) Inc.*), 480 B.R. 468,

473 (S.D.N.Y. 2012).  It is well established, however, that a bankruptcy court's decision on a

motion to vacate a prior judgment or order is reviewed only for abuse of discretion.  *See, e.g.*,

*Olsen v. 419 Apartment Corporation* (*In re Olsen*), No. 06 Civ. 4004 (RJS), 2008 WL 4298586,

at *2 (S.D.N.Y. Sept. 19, 2008).  The same standard applies to review of a bankruptcy court's

decision on a motion for leave to amend a claim.  *See, e.g.*, *Aristeia Capital, L.L.C. v. Calpine*

*Corp.* (*In re Calpine Corp.*), No. 07 Civ. 8493 (JGK), 2007 WL 4326738, at *3 (S.D.N.Y. Nov.

21, 2007).  As the Court of Appeals has explained, "[a] bankruptcy court exceeds its allowable

discretion where its decision (1) rests on an error of law (such as application of the wrong legal

principle) or a clearly erroneous factual finding, or (2) cannot be located within the range of

permissible decisions, even if it is not necessarily the product of a legal error or a clearly

erroneous factual finding." *Schwartz v. Geltzer* (*In re Smith*), 507 F.3d 64, 73 (2d Cir. 2007)

(quoting *Schwartz v. Aquatic Dev. Grp., Inc.* (*In re Aquatic Dev. Grp., Inc.*), 352 F.3d 671, 678

(2d Cir. 2003)) (internal quotation marks and brackets omitted).

### B.  Denial of Appellants' Motion to Vacate

Applying that standard here, there is no basis to disturb Judge Glenn's rejection of

Appellants' motion to vacate the February 15, 2012 Order.  As noted, Appellants sought relief

under two provisions of Rule 60(b).  First, they argued that the February 15, 2012 Order should

be vacated on the ground of "excusable neglect." Fed. R. Civ. P. 60(b)(1).  Appellants concede

that Judge Glenn properly applied the test for "excusable neglect" set forth in *American Alliance Insurance Co., Ltd. v. Eagle Insurance Co.*, 92 F.3d 57 (2d Cir. 1996). (Appellants' Br. 11-12).[2] That test requires consideration of three factors: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Am. Alliance*, 92 F.3d at 59; *see also, e.g., Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994) (stating that a court "must consider all of these factors"). Instead, Appellants take issue with Judge Glenn's assessment of each factor and suggest that, having found that their default was not "willful," Judge Glenn was required to vacate his prior order for "excusable neglect." (Appellants' Br. 11-16).

These arguments are without merit. First, Appellants are not entirely correct in claiming that Judge Glenn made a finding that their default was not "willful." To be sure, he found that the failure to respond to the Claim Objection was not willful. *See Barquet Grp.*, 477 B.R. at 461-62. But he did fault Appellants for the two-month delay between when they indisputably learned about the February 15, 2012 Order and when they finally sought relief from that order. *See id.* at 462.[3] In any event, even if Judge Glenn did find in Appellants' favor on the willfulness

---

[2]     Some courts in this Circuit have applied the more stringent test derived from *Pioneer Inv. Serv. Co v. Brunswick Assoc. L.P.*, 507 U.S. 380, 395 (1993), to evaluate motions to consider claims under Section 502 of the Bankruptcy Code and Rule 60(b). *See, e.g., FairPoint*, 462 B.R. at 80 n. 6. As Appellants fail to satisfy even the less stringent *American Alliance* test in this case, there is no need to consider the *Pioneer* test.

[3]     In their brief on appeal, Appellants claim that the two-month delay was "principally due to the fact that the issues involved in the Motion to Reconsider stems from the years-long litigation between SageCrest and the Appellants. The documentation accompanying that litigation, interlocking contracts, communications, court filings and other papers related to that litigation are voluminous." (Appellants' Br. 12). This claim is improperly raised for the first time on appeal. *See, e.g., Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 126 (2d Cir. 2005) ("The law is well established that a federal appellate court will generally not consider an issue or argument not raised [below]."). In any event, it does not come close to excusing the two-month delay. However complicated the underlying litigation may have been, there was nothing complicated about the fact that the

prong of the test, Appellants are plain wrong in suggesting that they were entitled to relief from

the February 15, 2012 Order on that basis.  It is well established that the willfulness factor "is

relevant but not dispositive," *I.L.G.W.U. Nat'l Ret. Fund v. Meredith Grey, Inc.*, 986 F. Supp.

816, 823 (S.D.N.Y. 1997), and that a court must consider and balance *all* three factors in

determining whether to grant relief for excusable neglect under Rule 60(b)(1), *see, e.g.*, *Info. Sys.

and Networks Corp. v. United States*, 994 F.2d 792, 796 (Fed. Cir. 1993), *cited favorably in

Commercial Bank of Kuwait*, 15 F.3d at 243.

       Nor is there any basis to disturb Judge Glenn's findings on the other prongs of the

"excusable neglect" test.  First, Judge Glenn correctly found that Claimants did not have a

meritorious defense to the Claim Objection in light of the undisputed fact that, pursuant to the

Settlement Stipulation, they had assigned all of their claims against Barquet Group and ACG

Finance's lien to SageCrest. *See Barquet Grp.*, 477 B.R. at 463.  As Judge Glenn explained,

whether or not Fine Art had a valid claim under the Arranger's Agreement was immaterial

because Fine Art did not timely file a claim and thus was not a party to the claim that was

expunged in the February 15, 2012 Order. *See id.*  Second, Judge Glenn — who has presided

over the Debtor's bankruptcy proceedings for almost eighteen months — did not err in

concluding that vacatur of the February 15, 2012 Order would be "highly prejudicial to the

Debtor and its estate." *Id.* at 464.  As he explained, "if allowed as a general unsecured claim, the

proposed amended claim would increase the total amount of projected allowed general unsecured

claims by 23.6%, from approximately $13,032,534.00 to approximately $16,107,534.00." *Id.* at

463.  Moreover, if the claim were allowed, "the global settlement between the Debtor, Ramis,

and SageCrest, which is incorporated in the Debtor's chapter 11 plan . . . would need to be

-------------------------------------------------------------

Bankruptcy Court sustained Debtor's objection and expunged Claim No. 43 — let alone its
grounds for doing so.

reworked completely." *Id.* at 464.  In short, Judge Glenn did not err in evaluating the *American Alliance* factors.  And his decision, based on a weighing of those factors, that Appellants were not entitled to vacatur of the February 15, 2012 Order was well "within the range of permissible decisions," and thus not an abuse of his discretion.  *Schwartz*, 507 F.3d at 73.

Appellants' second argument for vacatur of the February 15, 2012 Order is based on Rule 60(b)(4), which provides for relief from a "void" judgment.  (Appellants' Br. 17-20).  Appellants contend, as they did before the Bankruptcy Court, that the February 15, 2012 Order is void because Fine Art's interest was not merely an unsecured claim, but a secured lien, and that it could therefore only be avoided through an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.  (Appellants' Br. 17).  As Judge Glenn correctly held, however, this argument fails

> because the Claim Objection did not seek to expunge [Claim No. 43] because of any purported lien; rather, the Debtor objected to [Claim No. 43] only on the basis that both of the Claimants (ACG Credit and ACG Finance) had assigned all of their interests in [Claim No. 43] to SageCrest in May 2008.  Since the Claimants had assigned their lien prior to the filing of this case, and Fine Art never filed a claim asserting a lien, Bankruptcy Rule 7001 is not relevant.

*Barquet Grp.*, 477 B.R. at 464.  Accordingly, Judge Glenn did not err, let alone abuse his discretion, in rejecting Appellants' contention that the February 15, 2012 Order was void.

## C. Denial of Appellants' Motion to Amend the Claim

In light of Judge Glenn's rejection of Appellants' Rule 60(b) motion for relief from the February 15, 2012 Order, he did not need to address their request for leave to amend Claim No. 43 to add Fine Art and its purported claim for arranger's fees and the like.  *See id.*  Nevertheless, applying the Second Circuit's "two-prong test to assess whether to permit amendment of a proof of claim," Judge Glenn held that he "would" deny Appellants' request to amend Claim No. 43 even if Appellants were entitled to relief from the February 15, 2012 Order.  *Id.* at 464-65 (citing

*Enron Corp.*, 419 F.3d at 133, and other cases). On appeal, Appellants challenge this ruling, contending, among other things, that Fine Art's claim to the arranger's fees and the like do not constitute a new claim because it is based on the Arranger's Agreement, which "is considered to be a part of the documentation which describes the terms and conditions of the Loan" and is incorporated into the Note. (Appellants Br. 15).

Once again, Appellants' arguments are without merit. Under the Second Circuit's two-part test, a court must determine first "whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." *Enron Corp.*, 419 F.3d at 133 (internal quotation marks and brackets omitted). An amendment satisfies this standard if it "1) corrects a defect of form in the original claim; 2) describes the original claim with greater particularity; or 3) pleads a new theory of recovery on the facts set forth in the original claim." *Id.* Second, the court must "examine each fact within the case and determine whether it would be equitable to allow the amendment." *Id.* Here, as Judge Glenn found, Appellants cannot satisfy either part of the test. First, Fine Art's claim is indisputably "a new and different claim; it is based on a different agreement — the Arranger's Agreement — rather than the Note on which ACG Credit's and AGC Finance's claim (now belonging to SageCrest) was based, and for an amount that was not included in Claim No. 43, and that was payable to Fine Art and not to ACG Credit or ACG Finance." *Barquet Grp.*, 477 B.R. at 465.[4] Second, and in any event, for the reasons

---

[4]    On appeal, Appellants argue that the Arranger's Agreement was "part and parcel of the Note" and therefore that the amended claim is not in fact based on a different agreement. (Appellants' Br. 15-16). In support of that argument, Appellants argue that the Note includes the Debtor's obligations under the Arranger Agreement and declares the Arranger Agreement to be a "legal, valid and binding obligation of [Debtor]." (*Id.* (quoting Section H(2) of the Note)). This argument is also improperly raised for the first time on appeal. In any event, the Court need not decide whether Appellants' interpretation of the contract language is correct, as the failure to include Fine Art as a claimant and the limitation of Claim No. 43 to "money loaned" (as opposed

stated above, Judge Glenn did not err in concluding that it would not be equitable to allow the

amendment because doing so would prejudice Debtor and its estate.

## CONCLUSION

For the reasons discussed above, the Bankruptcy Court's August 22, 2012 Order is

AFFIRMED.  The Clerk of Court is directed to close this case.


SO ORDERED.

Dated: December 17, 2012
   New York, New York
               JESSE M. FURMAN
               United States District Judge

---

to fees owed) are sufficient to conclude that the proposed amended claim was in fact a new
claim.